UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SHAKIMA JONES,

                Plaintiff,

        -against-                        **COMPLAINT**

CITY OF NEW YORK,
ANDY ESPINAL, NIGEL FENTON,
JAMES GRILLO, JOHN DOE #1,
JOHN DOE #2,                         **PLAINTIFF DEMANDS**
               Defendants.             **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Shakima Jones, by her attorneys, Lumer & Neville, as for her Complaint against the defendants, alleges, upon information and belief, as follows:

### PARTIES, JURISDICTION and VENUE

        1.     At all relevant times herein, plaintiff Shakima Jones was an adult female resident of Kings County, in the City and State of New York.

        2.     At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

        3.     Defendant Andy Espinal was at all relevant times herein employed by the City of New York as a member of the NYPD, and was assigned to the 73rd Precinct of the NYPD. Espinal is being sued in both his official and individual capacities.

4. Defendant Nigel Fenton was at all relevant times herein employed by the City of New York as a member of the NYPD, and was assigned to the 73rd Precinct of the NYPD. Fenton is being sued in both his official and individual capacities.

5. Defendant James Grillo was at all relevant times herein employed by the City of New York as a member of the NYPD, and was assigned to the 73rd Precinct of the NYPD. Grillo is being sued in both his official and individual capacities.

6. Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b)(2), because the events complained of herein occurred within the Eastern District of New York.

8. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## FACTUAL ALLEGATIONS

11. On April 17, 2012, as plaintiff emerged from 650 Chauncey Street, Kings County, New York, one or more of the defendants asked plaintiff for identification.

12. Plaintiff was not engaged in any criminal activity, nor was there any reasonable basis for defendants to believe that plaintiff was engaged in criminal activity.

13. Plaintiff was arrested and handcuffed by the defendants without probable cause or legal reason.

14. The defendants stated to plaintiff that she was being arrested because other people who were inside 650 Chauncey Street had refused to come outside to be questioned by defendants, and so the plaintiff was going to take the blame for a crime being investigated by defendants.

15. One of the defendants also alleged, falsely, that a complaining witness had identified plaintiff as a perpetrator of a crime

16. The plaintiff was formally arrested and taken to a local area NYPD station house.

17. Defendants knew and understood that the factual allegations against plaintiff were materially false at the time plaintiff was arrested.

18. Defendants had created or caused the creation of paperwork memorializing these false allegations with the understanding that the false allegations would be transmitted to the Kings County District Attorney ("KCDA"), who would commence a criminal prosecution of the plaintiff.

19. The false allegations were then transmitted or otherwise communicated by the defendants to the KCDA, who, relying on the statements of the defendants, commenced a criminal prosecution against the plaintiff under Docket Number 2012KN031851.

20. Plaintiff was held against her will by the defendants until the time of her arraignment in Kings County Criminal Court.

21. Relying on the inaccurate, falsified, evidence presented by defendants, the KCDA presented the case to a Grand Jury, and based on this fabricated and inaccurate record, plaintiff was charged under Indictment 03276-2012.

22. The plaintiff was required to return to court on various separate occasions thereafter.

23. On October 22, 2013, the indictment was dismissed and all pending criminal charges related to the action were dismissed and sealed by the Supreme Court of the State of New York, Kings County, New York, and the criminal prosecution terminated in plaintiff's favor.

24. The decision to arrest plaintiff was objectively unreasonable under the circumstances known at the time, as was defendants' fabrication and withholding of evidence, and at no time did defendants have probable cause to seize, detain or arrest any of the plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

25. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and

unconstitutional conduct engaged in by either of these defendants or their fellow officers against the two plaintiffs.

26. At all times relevant herein, the defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

27. Plaintiff repeats each and every allegation of paragraphs "1" through "26" of the complaint as if incorporated and reiterated herein.

28. Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

29. The defendants willfully and intentionally subjected plaintiff to criminal process through the making of false or materially misleading statements and without probable cause to believe that the plaintiff could be successfully prosecuted, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful or necessary.

30. Through the above-outlined illegal acts, the defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful search of plaintiff's person and property, the denial of plaintiff's right to due process and a fair trial through the fabrication of evidence, and subjected plaintiff to malicious prosecution. In so

doing, the defendants violated plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

        31.    By reason thereof, the individual defendant have violated 42 U.S.C. § 1983 and caused plaintiff to be deprived of her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

32. Plaintiff repeats each and every allegation of paragraphs "1" through "31" of the complaint as if incorporated and reiterated herein.

43. The defendants, acting as agents and employees of the municipal defendant, caused plaintiff to be denied her right to due process and a fair trial through the fabrication of evidence, and subjected her to malicious prosecution.

33. The City of New York is vicariously liable to the plaintiff for the above conduct under the doctrine of respondeat superior.

34. By reason thereof, defendants have caused the plaintiff to suffer emotional and physical injuries, mental anguish, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the defendants jointly and severally as follows:

 i. Actual and punitive damages against the individual defendants in an amount to be determined at trial;

 ii. Actual damages against the City of New York in an amount to be determined at trial;

 iii. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

 iv. Such other relief as the Court may deem just and proper.

Dated: New York, New York
    January 21, 2015

            LUMER & NEVILLE

               /s/
          By: _____
            James Concemore Neville, Esq. (JN-2128)
            Attorneys for Plaintiff
            225 Broadway, Suite 2700
            New York, New York 10007
            (212) 566-5060